UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DORA RAY and LORI GILSTRAP, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 4:11-cv-62-RLY-DML |
| | ) | |
| HON. LARRY W. MEDLOCK, | ) | |
| Defendant. | ) | |

**ENTRY ON JUDGE MEDLOCK'S MOTION TO DISMISS**

On April 4, 2012, Dora Ray ("Ray") and Lori Gilstrap ("Gilstrap") (collectively "Plaintiffs") filed an Amended Complaint against Hon. Larry W. Medlock ("Judge Medlock"), alleging, *inter alia*, political discharge, in violation of Plaintiffs' First Amendment rights, pursuant to 42 U.S.C. § 1983 ("Section 1983"). On April 20, 2012, Judge Medlock filed the instant Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). On April, 30, 2012, Plaintiffs filed a Motion to Strike certain provisions contained in Judge Medlock's moving brief. For the reasons explained below, Plaintiffs' Motion to Strike is **GRANTED**, and Judge Medlock's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

**I.    Motion to Strike**

Plaintiffs move to strike the portions of Judge Medlock's moving brief that: (1) reference the Washington Circuit Court as a "very small office;" and (2) state that Judge Medlock "expressly denies" terminating Plaintiffs' employment because of political

1

affiliation. Plaintiffs claim these factual statements are not supported by the record, and, therefore, should be stricken. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the allegations contained in the Amended Complaint. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Judge Medlock's commentary on the evidence is irrelevant to the determination of this motion. Therefore, Plaintiffs' Motion to Strike is **GRANTED**.

## II.     Facts

During the 2010 election, Judge Robert Bennett was the incumbent judge of the Washington Circuit Court running on the democratic ticket, and Judge Medlock was his republican challenger. (Am. Complaint ¶ 13). Plaintiffs worked as court reporters for Judge Bennett and supported his candidacy. (*Id.* ¶ 14). Judge Medlock won the election, and began his term in the Washington Circuit Court on January 1, 2011. (*Id.* ¶¶ 13, 15). Three days later, Judge Medlock terminated Plaintiffs' employment due, at least in part, to their support for his democratic opponent. (*Id.* ¶ 16).

Following her termination, Gilstrap obtained employment at the Day Company as a contract real estate appraiser. (*Id.* ¶ 21). On February 24, 2012, Judge Medlock entered Gilstrap's current employer's office, and requested that Gilstrap not work on an appraisal that was pending in his court. (*Id.*).

Plaintiffs allege that Judge Medlock is personally liable for violating their rights under the First Amendment by terminating Plaintiffs' employment because of their political associations. (*Id.* ¶ 17). Plaintiffs also allege that Judge Medlock intentionally

interfered with Plaintiffs' contracts of employment. (*Id.* ¶¶ 20-21).

**III. Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of claims for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering such a motion, the court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citations omitted). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 544, 677-78 (2009). In order to survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**IV. Discussion**

    **A. Judicial Immunity**

Judge Medlock argues that Plaintiffs' claims against him should be dismissed because, as a public official, he is immune from liability based on the theory of absolute judicial immunity under both federal and state law.

        **1. Federal Judicial Immunity**

With respect to Plaintiffs' federal claim under Section 1983, the doctrine of

judicial immunity applies to judges, and "confers complete immunity from suit, not just a mere defense to liability, and 'is applicable in suits under [S]ection 1983 . . . .'" *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005) (quoting *Dellenbach v. Letsinger*, 889 F.2d 755, 758 (7th Cir. 1989) (internal quotation omitted)). However, judicial immunity only extends to those acts that are performed by a judge in his judicial capacity. *Id.* at 661 (citing *Dellenbach*, 889 F.2d at 759). In other words, "judicial immunity applies 'to judicial acts, but not to ministerial or administrative acts.'" *Id.* (quoting *Lowe v. Letsinger*, 772 F.2d 308, 312 (7th Cir. 1985)).

Judge Medlock contends that he has absolute judicial immunity from Plaintiffs' Section 1983 claim because the act of terminating Plaintiffs' employment from the Washington Circuit Court was done in his judicial capacity. A similar circumstance was presented to the Seventh Circuit in *McMillian v. Svetanoff*, 793 F.2d 149, 154-55 (7th Cir. 1986). In *McMillian*, a court reporter brought, *inter alia*, a Section 1983 political discharge claim against a Lake Superior Court judge. *Id.* at 150. The judge invoked the doctrine of absolute judicial immunity from the court reporter's Section 1983 claim, but the Court found that judicial immunity did not extend to administrative acts, such as hiring or firing employees. *Id.* at 154-55. The Court explained that such actions are not performed in the judge's judicial capacity because "the judge did not utilize his education, training, and experience in the law to decide whether or not to retain [the court reporter.]" *Id.* at 155.

Here, just as in *McMillian*, Plaintiffs' Section 1983 political discharge claim is

premised on Judge Medlock's administrative act of terminating their employment for political reasons. Therefore, because Judge Medlock was not acting in his judicial capacity, he is not entitled to absolute judicial immunity from Plaintiffs' political discharge claim under Section 1983. *See also Forrester v. White*, 484 U.S. 219, 227 (noting that there is an "intelligible distinction between judicial acts and the administrative . . . functions that judges may on occasion be assigned by law to perform).

### 2. Indiana Judicial Immunity

With respect to Plaintiffs' state law claims, Indiana law provides that "judges are entitled to absolute judicial immunity for all actions taken in the judge's judicial capacity, unless those actions are undertaken in the complete absence of jurisdiction." *Mendenhall v. City of Indianapolis*, 717 N.E.2d 1218, 1226 (Ind. Ct. App. 1999) (citing *Newman v. Deiter*, 702 N.E.2d 1093, 1097 (Ind. Ct. App. 1998)). Judge Medlock contends that the doctrine of absolute judicial immunity under Indiana state law is more expansive than it is under federal law. However, Indiana adopts the federal approach to judicial immunity with respect to administrative actions. *See id.* (observing that the determination of "whether a person is entitled to the benefit of judicial immunity," courts use "the functional approach established by the United States Supreme Court and look to the nature of the function performed, not the identity of the person who performed it" (citing *Forrester*, 484 U.S. at 224)). Since Indiana applies the *Forrester* analysis, only acts performed in a judge's judicial capacity as opposed to acts in a judge's administrative capacity, qualify for absolute judicial immunity. Therefore, Judge Medlock is not entitled

to absolute judicial immunity from Plaintiffs' state law claims.

### B. Eleventh Amendment Immunity

Judge Medlock also argues that Plaintiffs' claims against him should be dismissed pursuant to the Eleventh Amendment, which bars "[f]ederal suits against state officials in their official capacities." *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1009 (7th Cir. 2000). Judge Medlock qualifies as a state official under Indiana law. *Wood v. City of Michigan City, Ind.*, 940 F.2d 275, 279 (7th Cir. 1991) (noting that "judges of Indiana's circuit, superior and county courts are officers of the [s]state judicial system . . . ."). Therefore, pursuant to the Eleventh Amendment, Plaintiffs' claims against Judge Medlock in his official capacity are barred.

Plaintiffs, however, may still pursue their claims against Judge Medlock in his individual capacity. Although Plaintiffs may not seek reinstatement, *see, e.g., Palka v. City of Chicago*, 662 F.3d 428, 432 (7th Cir. 2011) (noting that a government official sued in his individual capacity lacks the authority to reinstate), Plaintiffs may seek monetary damages against Judge Medlock. *See, e.g., Maddox v. Love*, 655 F.3d 709, 717 (7th Cir. 2011) (recognizing that monetary damages are available against a government actor in his individual capacity under Section 1983); *Hill v. Shelander*, 924 F.2d 1370, 1374 (noting that "punitive damages [may] be recovered against a government actor only in an individual capacity suit.").

### C. Political Discharge Under Section 1983

Judge Medlock argues that Plaintiffs' Section 1983 claim should be dismissed

6

because he is not considered a "person" under Section 1983. In *Will v. Mich. Dep't of State Police*, the Supreme Court held that neither a state nor public officers acting in their official capacities are "persons" under Section 1983. 491 U.S. 58, 71 (1989). Notwithstanding *Will* and its progeny, Judge Medlock may still be sued under Section 1983 in his individual capacity.

A Section 1983 claim against Judge Medlock in his individual capacity requires Plaintiffs to allege that Judge Medlock had "personal involvement in the alleged constitutional deprivation." *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). Plaintiffs' Amended Complaint meets this requirement. Therefore, Plaintiffs sufficiently state a claim against Judge Medlock in his individual capacity under Section 1983.

For the reasons set forth above, Judge Medlock's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART** with respect to Plaintiffs' Section 1983 political discharge claim. Defendants' Motion is **GRANTED** to the extent that Plaintiffs' bring their claim against Judge Medlock in his official capacity, and **DENIED** to the extent they bring the claim against Judge Medlock in his individual capacity.

### D. State Law Claims

Plaintiffs also allege two *pendant lite* claims against Judge Medlock based on his termination of their employment – tortious interference with a contractual relationship and violation of Indiana Code Section 33-23-12-3.

#### 1. Contractual Interference

In order to establish a claim of tortious interference with a contractual relationship,

Plaintiffs must allege five elements: "(1) the existence of a valid and enforceable contract; (2) defendant's knowledge of the existence of the contract; (3) defendant's intentional inducement of breach of the contract; (4) the absence of justification; and (5) damages resulting from defendant's wrongful inducement of the breach." *Bilimoria Computer Sys., LLC v. Am. Online, Inc.*, 829 N.E.2d 150, 156 (Ind. Ct. App. 2005) (citing *Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228, 1235 (Ind. 1994)). The court need not delve into the elements of the claim because, as Judge Medlock correctly argues, the Indiana Tort Claims Act ("ITCA") bars suits against government employees personally for actions performed within the scope of their employment. *See* Ind. Code § 34-13-3-5(b) (stating that "[a] lawsuit alleging that an employee acted within the scope of his employee's employment bars an action by the claimant against the employee personally"). Therefore, Plaintiffs' contractual interference claim fails to the extent that it is brought against Judge Medlock acting within the scope of his employment as Washington Circuit Judge.

The ITCA, however, does permit lawsuits against a governmental employee where the employee's act is "criminal, clearly outside the scope of the employee's employment, malicious, willful or wanton, or calculated to benefit the employee personally." IND. CODE § 34-13-3-5(c). A plaintiffs' complaint must contain "a reasonable factual basis supporting the allegation." *Id*.

Plaintiffs' Amended Complaint does not contain any such allegations. Indeed, there are no allegations that he was acting in a criminal manner, maliciously or under any

other category contained in the statute. Plaintiffs' claim that Judge Medlock was acting outside the scope of his authority in requesting Gilstrap to refrain from working on an appraisal for a case pending in his court does not support an inference that he was acting clearly outside the scope of his employment. This is particularly true where, as here, she filed a lawsuit against him months before this incident. Therefore, Plaintiffs' fail to state a claim for tortious interference with a contractual relationship against Judge Medlock in his personal capacity.

### 2. Statutory Violation

Plaintiffs allege a claim under Indiana Code Section 33-23-12-3, which provides that court employees may not be discouraged from engaging in political activity. The Indiana Supreme Court has explicitly held that a private cause for damages does not exist under this statute. *Cantrell v. Morris*, 849 N.E.2d 488, 493 (Ind. 2006). The court declines Plaintiffs' invitation to independently examine the legislative intent of this statute, and find a holding contrary to that found by the Indiana Supreme Court. Therefore, Judge Medlock's Motion to Dismiss is **GRANTED** with respect to Plaintiffs' *pendant lite* state law claims.

## V. Conclusion

For the aforementioned reasons, Plaintiffs' Motion to Strike (Docket # 29) is **GRANTED**, and Judge Medlock's Motion to Dismiss (Docket # 26) is **GRANTED IN PART** and **DENIED IN PART**. Judge Medlock's Motion is **GRANTED** with respect to Plaintiffs' Section 1983 claims against Judge Medlock in his official capacity and

Plaintiffs' claims under Indiana state law. Judge Medlock's Motion is **DENIED** with respect to Plaintiffs' Section 1983 claim against Judge Medlock in his individual capacity.

**SO ORDERED** this 13th day of November 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.