UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

DORA RAY and LORI GILSTRAP,         )
      Plaintiffs,                                     )
                                                                 )
  vs.                                                        )          4:11-cv-62-RLY-DML
                                                                 )
HON. LARRY W. MEDLOCK,             )
      Defendant.                                  )

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, the Honorable Larry W. Medlock, moves for summary judgment on the only remaining claim in this case – Plaintiffs' 42 U.S.C. § 1983 ("Section 1983") claim for political discharge, in violation of the First Amendment, against Judge Medlock in his individual capacity. For the reasons set forth below, Judge Medlock's Motion for Summary Judgment is **GRANTED**.

**I.     Factual Background**

Plaintiffs, Dora Ray and Lori Gilstrap (collectively "Plaintiffs"), were hired by Judge Robert Bennett as court reporters in the Washington Circuit Court in the 1980s. (Deposition of Lori Gilstrap ("Gilstrap Dep.") at 18; Deposition of Dora Ray ("Ray Dep.") at 13-14). In the 2010 election, Judge Bennett, a Democrat, was challenged by Judge Medlock, a Republican. (Declaration of Judge Medlock ("Medlock Dec." ¶ 3). Plaintiffs, along with other Washington Circuit court reporters, Nancy Roberts and Rita Martin, supported Judge Bennett's candidacy by participating in parades, wearing

1

campaign t-shirts, attending fund raisers, and working the polls on election day. (Gilstrap Dep. at 21; Ray Dep. at 18). Plaintiffs also went door-to-door campaigning for Judge Bennett. (Ray Dep. at 18). Judge Medlock defeated Judge Bennett in the general election. (Medlock Dec. ¶ 1).

In January 2011, Judge Medlock took office as the judge of the Washington Circuit Court. (Amended Complaint ¶ 15). Judge Medlock formerly served as a public defender in the Washington Circuit Court, and, as a result, was familiar with the work product of Plaintiffs, Roberts and Martin. (Medlock Dec. ¶ 9). On January 4, 2011, Judge Medlock terminated Plaintiffs' employment, but maintained the employment of Roberts and Martin. (*Id.* ¶¶ 8, 13). Judge Medlock testified that he terminated Plaintiffs to fulfill a campaign promise to improve the quality and efficiency of the Washington Circuit Court. (*Id.* ¶ 4; Gilstrap Dep. at 44-45).

**II.     Summary Judgment Standard**

Federal Rule of Civil Procedure 56(a) provides that a "court shall grant summary judgment if the movant shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Colotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party, however, may not rest upon the mere allegations or denials in its pleadings, but must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**III. Discussion**

Plaintiffs' Section 1983 claim alleges that Judge Medlock, in his individual capacity, terminated them for political reasons, in violation of the First Amendment. "The First Amendment 'forbids government officials to discharge or threaten to discharge public employees solely for not being supporters of the political party in power, unless party affiliation is an appropriate requirement for the position involved.'" *Davis v. Ockomon*, 668 F.3d 473, 477 (7th Cir. 2012) (quoting *Rutan v. Republican Party of Ill.*, 497 U.S. 62, 64 (1990)). Plaintiffs initially bear the burden of proving by a preponderance of the evidence that their "'political affiliation was a motivating factor in bringing about the discharge.'" *McMillian v. Svetanoff*, 878 F.2d 186, 190 (7th Cir. 1989) (quoting *Patkus v. Sangamon-Cass Consortium*, 769 F.2d 1251, 1259 (7th Cir. 1985)). If Plaintiffs meet their burden, then the burden shifts to Judge Medlock, who must show that Plaintiffs' "position falls within the exception to the general prohibition on patronage dismissal." *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 354 (7th Cir. 2005).

The evidence in this case shows that Roberts and Martin, who, like Plaintiffs, served as court reporters for Judge Bennett in the Washington Circuit Court and campaigned on his behalf, were not terminated by Judge Medlock. Judge Medlock testified that he was familiar with Plaintiffs' work product through his previous position as a public defender in the Washington Circuit Court, and that he terminated Plaintiffs as court reporters in order to fulfill a campaign promise to "improve the staff quality" within the Washington Circuit Court, and not because of their political affiliations or campaign

3

activities. (*See* Medlock Dec. ¶¶ 4, 11).

In response to this evidence, Plaintiffs point to their own deposition testimony. Ray testified that she was terminated because "[she] was of a different political affiliation than [Judge Medlock] was." (Ray Dep. at 33-34). Gilstrap testified that she believed that her political affiliation was "part of the reason" for her termination. (Gilstrap Dep. at 66). Plaintiffs' subjective beliefs regarding the motivation behind Judge Medlock's decision to terminate their employment is nothing more than speculation, and, as a result, is insufficient to raise a genuine issue of material fact. *McMillian*, 878 F.2d at 190. Because Plaintiffs did not suffer a constitutional deprivation, Judge Medlock cannot be held individually liable under Section 1983. *Levin v. Madigan*, 692 F.3d 607, 621 (7th Cir. 2012).

## IV. Conclusion

For the reasons set forth above, Judge Medlock's Motion for Summary Judgment (Docket # 44) is **GRANTED**.

**SO ORDERED** this 1st day of March 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.